IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HANCOCK WHITNEY BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. _____ |
| | ) |
| BAY MARINE CONSTRUCTION, LLC | ) |
| and COLBY D. PERRYMAN, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW, the Plaintiff, Hancock Whitney Bank ("Hancock Whitney"), and files its Complaint against Defendants, Bay Marine Construction, LLC ("Bay Marine") and Colby D. Perryman (collectively, "Defendants"), as follows:

### PARTIES AND JURISDICTION

1. The Plaintiff, Hancock Whitney Bank, is a Mississippi state-chartered bank qualified to do business in Alabama, with its principal place of business in Gulfport, Mississippi. For the purposes of this Court's analysis of diversity in this matter and to satisfy the requirements of 28 U.S.C. § 1332, Hancock Whitney is a citizen of the State of Mississippi.

2. Defendant Bay Marine is an Alabama limited liability company with its principal place of business in Mobile, Alabama. The sole member of Bay Marine is Colby D. Perryman. For the purposes of this Court's analysis of diversity in this matter to satisfy the requirements of 28 U.S.C. § 1332, Bay Marine is a citizen of the State of Alabama.

3. Defendant Colby D. Perryman is an individual resident of Alabama who is over the age of eighteen years old. For the purposes of this Court's analysis of diversity in this matter to satisfy the requirements of 28 U.S.C. § 1332, Colby Perryman is a citizen of the State of Alabama.

4. Subject-matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, as complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Personal jurisdiction and venue are also proper in this Court, as both Defendants are domiciled in Mobile County, Alabama.

## STATEMENT OF FACTS

6. This lawsuit arises from Bay Marine's breach of two (2) Commercial Notes and a Credit Agreement, as well as Colby D. Perryman's breach of his Personal Guaranty, for failing to make payment to Hancock Whitney Bank.

## Loan 8328

7. On January 31, 2022, Bay Marine executed a Promissory Note ("Note 8328") in favor of Hancock Whitney as Lender in the original principal amount of $100,000.00. A true and correct copy of Note 8328 is attached hereto as Exhibit A.

8. On the same date, Colby D. Perryman executed a Commercial Guaranty in favor of Hancock Whitney, unconditionally guaranteeing payment of Note 8328. A true and correct copies of the Guaranty is attached hereto as Exhibit B.

9. Note 8328 is secured by that certain Commercial Security Agreement, dated January 31, 2022, and the UCC-1 Financing Statement on record with the Alabama Secretary of State, a true and correct copy of which is attached hereto as Exhibit C.

10. On April 22, 2022 Colby D. Perryman executed a personal Guaranty in favor of Hancock Whitney, unconditionally guaranteeing "the prompt payment and performance when due…of all Indebtedness of [Bay Marine] to [Hancock Whitney]…however created, of every kind and description, whether now existing or hereafter arising and whither direct or indirect, due or which may become due …" A true and correct copy of the Guaranty is attached hereto as Exhibit D.

## Loan 1795

11. On April 22, 2022, Bay Marine executed a Promissory Note ("Note 1795") in favor of Hancock Whitney in the original principal amount of $55,285.00. A true and correct copy of Note 1795 is attached hereto as Exhibit E.

12. Note 1795 is secured by that certain Commercial Security Agreement, dated April 22, 2022, and the UCC-1 Financing Statement filed with the Alabama Secretary of State. A true and correct copy of the Commercial Security Agreement and UCC-1 are attached hereto as Exhibit F.

13. Payment of Note 1795 is guaranteed by that certain personal Guaranty from Colby Perryman, dated April 22, 2022, in favor of Hancock Whitney. (Ex. D).

## Credit Agreement ending in 4133

14. On October 22, 2021, Bay Marine entered into a Credit Agreement (the "Credit Agreement") with Hancock Whitney. A true and correct copy of the Credit Agreement is attached hereto as Exhibit G.

**All Indebtedness**

15. Note 8328, Note 1795 and the Credit Agreement are in default due to non-payment.

16. The Personal Guaranties (Note 8328, Note 1795, the Credit Agreement, Personal Guaranties and Security Agreement are collectively referred to as the ("Loan Documents") are in default due to non-payment.

17. Despite written notice from Hancock Whitney that the Loan Documents are in default the Defendants have failed to make payment.

## COUNT ONE
**BREACH OF CONTRACT (LOAN 8328)**

18. Hancock Whitney restates and incorporates the allegations of Paragraphs 1-18 as though set forth fully herein.

19. Hancock Whitney has fully performed all of its obligations under Note 8328.

20. The Defendants have breached the terms of the Note and related Guaranties by failing to make payment when due.

21. Hancock Whitney has suffered monetary damage as a result of Defendants' non-performance.

WHEREFORE, Hancock Whitney Bank, prays that this honorable Court will enter judgment against the Defendants, jointly and severally, for the entire indebtedness owed due under the Loan Documents, including all principal, interest, late charges, attorneys' fees, costs and expenses; and for such other, further and different relief to which Hancock Whitney Bank is entitled, at law or in equity, the premises considered.

## COUNT TWO
## BREACH OF CONTRACT (LOAN 1795)

22. Hancock Whitney restates and incorporates the allegations of Paragraphs 1-22 as though set forth fully herein.

23. Hancock Whitney has fully performed all of its obligations under Note 1795.

24. The Defendants have breached the terms of the Note and related Guaranties by failing to make payment when due.

25. Hancock Whitney has suffered monetary damage as a result of Defendants' non-performance.

WHEREFORE, Hancock Whitney Bank, prays that this honorable Court will enter judgment against both of the Defendants, jointly and severally, for the entire indebtedness owed due under Note 1795 and related loan documents, including all principal, interest, late charges, attorneys' fees, costs and expenses; and for such other further and different relief to which Hancock Whitney Bank is entitled, at law or in equity, the premises considered.

## COUNT THREE
## BREACH OF CREDIT AGREEMENT (Ending in 4133)

26. Hancock Whitney restates and incorporates the allegations of Paragraphs 1-26 as though set forth fully herein.

27. Hancock Whitney has fully performed all of its obligations under the Credit Agreement.

28. The Defendants have breached the terms of the Credit Agreement and related Guaranties by failing to make payment when due.

29. Hancock Whitney has suffered monetary damage as a result of Defendants' non-performance.

WHEREFORE, Hancock Whitney Bank, prays that this honorable Court will enter judgment against both of the Defendants, jointly and severally, for the entire indebtedness owed due under the Credit Agreement and related documents, including all principal, interest, late charges, attorneys' fees, costs and expenses; and for such other further and different relief to which Hancock Whitney Bank is entitled, at law or in equity, the premises considered.

        Respectfully submitted,

        */s/ Robert C. Matthews*
        ROBERT C. MATTHEWS    (MATTR7750)
        KRISTY L. WALDRON    (DUG007)
        *Attorneys for Hancock Whitney Bank*

OF COUNSEL:
**BURR & FORMAN LLP**
11 North Water St., Suite 22200
Mobile, Alabama 36602
T: (251) 345-8218
F: (251) 344-9696
RMatthews@burr.com
KWaldron@burr.com

## SERVICE INSTRUCTIONS

The defendants will be served by private process server.