**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| HANCOCK WHITNEY BANK,<br><br>Plaintiff,<br><br>v.<br><br>BAY MARINE CONTRUCTION, LLC, *et al.*,<br><br>Defendants. | ) | CIVIL ACT. NO. 1:25-cv-410-TFM-B |

**<u>MEMORANDUM OPINION & ORDER</u>**

On October 29, 2026, this Court held a hearing on Plaintiff's *Motion for Default Judgment* (Doc. 27, filed 5/14/26) and *Amended Motion for Default Judgment* (Doc. 33, filed 10/1/26). The Defendants failed to attend the hearing, and the Court orally granted the amended motion indicating a written opinion would follow. *See* Doc. 38. This is that order.

Rule 55 of the Federal Rules of Civil Procedure provides the mechanism for default judgments. Specifically, Rule 55 establishes a two-part process for obtaining a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise, the clerk [of court] must enter the party's default." FED. R. CIV. P. 55(a). After default has been entered, if the "claim is for a sum certain or a sum that can be made certain by computation," the clerk must enter default judgment. FED. R. CIV. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2). Once a party applies for a default judgment, "[t]he court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." *Id.* Accordingly, simply because

a defendant is in default under Rule 55(a) does not mean the plaintiff is automatically entitled to a default judgment under Rule 55(b). *See generally* 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 2685 (4th ed. 2016). Additionally, in this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015) (quoting *Worldwide Web Sys.* and holding same). The Eleventh Circuit states default judgments are "a drastic remedy that should be used sparingly and only in extreme situations where no other forms of relief are available." *Graveling v. Castle Mortg. Co.*, 631 F. App'x 690, 698 (11th Cir. 2015) (quoting M*itchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316-17 (11th Cir. 2002) (internal quotations omitted).

While the entry of default is a necessary condition for obtaining a default judgment, it is not sufficient. "[A] default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but instead "a defaulted defendant is deemed to 'admit[] the plaintiff's well-pleaded allegations of fact.'" *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

Rule 55(b)(1) permits entry of judgment by the clerk without a hearing in cases where "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." FED. R. CIV. P. 55(b)(1). In all other cases, the Court "may conduct hearings" to "conduct an accounting," "determine the amount of damages," "establish the truth of any allegation by evidence," or "investigate any other matter." FED. R. CIV. P. 55(b)(2)(A)-(D). Though the language indicates a hearing is not a "per se requirement," Eleventh Circuit precedent indicates that evidentiary

hearings "are required in all but limited circumstances." *SEC v. Smythe*, 420 F.3d 1225, 1231-32 n. 13 (11th Cir. 2005); *see also Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 746-47 (11th Cir. 2017) (citing Rule and *Smythe*).

After default was entered and the motion for default judgment filed, the Court set a hearing for September 29, 2026 and notified the Defendants of the hearing date. *See* Doc. 28. The Court also warned the Defendants that failure to respond and/or appear could constitute a waiver of their rights to defend themselves in this lawsuit. On September 29, 2026, Colby Perryman appeared at the hearing by video-teleconference ("VTC"). Defendant Perryman could appear on his own behalf. But while he is the sole member of Defendant Bay Marine Construction, LLC, he could not formally appear on its behalf as he is not a licensed attorney. During the hearing, Mr. Perryman stated under oath that he no longer resides at the address Defendants previously used for service, and that family members who still reside at the address notified him of the documents. *See* Doc. 30 at 1. Given Mr. Perryman's appearance at the hearing, and the lack of appearance of anyone on behalf of Bay Marine Construction, LLC, the Court continued the hearing for a month. *Id.* at 2. The Court also informed Mr. Perryman that he would not be able to represent Bay Marine Construction LLC and that the entity would need to obtain representation. *Id.* The Court reset the default judgment hearing to October 29, 2026. *Id.* Finally, the Court specifically cautioned Defendants that a failure to appear could constitute a waiver of their right to defendant themselves and court further end with default judgment being entered resulting in a significant money judgment against them.

Following the September hearing, Plaintiff served Defendants with the documents the Court required. *See* Docs. 30 at 3; Docs. 31, 32. Despite Mr. Perryman's appearance at the September 29, 2026 hearing, the Court's warnings, and the additional service, neither Mr.

Perryman nor Bay Marine Construction, LLC have filed any formal appearance or response in this case.

On October 29, 2026, the Court resumed the default judgment hearing. The Court waited for twenty minutes to see if either Defendant would show. Neither Mr. Perryman nor Bay Marine Construction, LLC attended. Thus, having reviewed the written motion and supporting documentation, the Court orally granted Plaintiff's request for the entry of default judgment. Doc. 38.

Having reviewed the complaint, the amended motion for default judgment, and the affidavit of Jeremy Martin filed in support of the motion, the Court finds the following:

1. On October 8, 2025, Plaintiff filed its Complaint against Defendants. *See* Doc. 1. On October 9, 2024, the Clerk issued a Summons for Defendants. *See* Doc. 3.

2. As set forth in the Complaint, Plaintiff asserts claims for breach of contract (Counts II and II, which relate to two separate loans), and breach of credit agreement (Count III). Doc. 1. Plaintiff seeks to recover all debts owed by Defendants to Plaintiff from two loans and the Credit Agreement—$12,045.10 on Note 1795, $78,999.56 on Note 8328, and $63,375.60 on the Credit Agreement ending in 4133. Doc. 33 at 4-5. Plaintiff also seeks attorneys' fees and expenses. *Id.* Specifically, Plaintiff alleges that the two Notes (1795 and 8328) were executed by Bay Marine Construction, LLC in favor of Plaintiff, and guaranteed by Colby Perryman. See Doc. 33-1. Plaintiff states that Bay Marine Construction LLC also entered into a Credit Agreement ending in 4133 with Plaintiff, which is also guaranteed by Colby Perryman. *Id.* Plaintiff states that all three accounts—the two Notes and the Credit Agreement—are in default due to nonpayment. *Id.*

3. On May 11, 2026, Plaintiff filed an application for the entry of default as to

Defendants for which the Clerk of Court entered default the next day.[1] *See* Docs. 25, 26.

4. On May 14, 2026 Plaintiff filed its motion for default judgment. *See* Doc. 27 (incorporating by reference Doc. 18). The Court set a hearing on the motion for default judgment for September 29, 2026. *See* Doc. 28.

5. Colby Perryman appeared at the hearing on September 29, 2026, by VTC. No representative appeared on behalf of Bay Marine Construction, LLC.

6. During the hearing, Mr. Perryman stated that he no longer resides that the address Defendants have on hand for him and stated he was not personally served with any court filings from Hancock Whitney Bank, but that his nephew and his mom mentioned some papers and sent him photos. He said he lived with his girlfriend at a different address. The Court informed Mr. Perryman that he would not be able to represent Defendant Bay Marine Construction, LLC, and that the entity would need to obtain representation. Given the issues, the Court reset the hearing for October 29, 2026 and directed that Defendants appear in person for the hearing.

7. On September 30, 2026, Defendants filed new proposed summonses for Defendants which included the new address provided by Mr. Perryman during the September 29, 2026 hearing.

8. Mr. Perryman and Bay Marine Construction, LLC were served again at the new addresses on October 6, 2026. They were personally served by a process server. Therefore, even if the prior service was not proper, the process was cured. The answers or other responsive pleadings would have been due on October 27, 2026. No such answer was filed by either Defendant. Therefore, the Court finds that it need not address whether or not to set aside the entry of default because default has yet again occurred by the failure to appear. Thus, the prior entry of

[1] There were several procedural hurdles that occurred before this point, but the Court has already addressed those matters, and they play no role in the ultimate determination here on whether default judgment should be entered. *See* Docs. 12, 17, 21, 24.

default stands.

9. Despite the warnings given by the Court to Mr. Perryman during the September 29, 2026 hearing and in the subsequent written order (Doc. 30), neither Defendant appeared at the default judgment hearing on October 29, 2026.

10. In the case at hand, since default has been entered, the factual allegations of the complaint are now deemed admitted. *See Giovanno v. Fabec,* 804 F.3d 1361, 1366 (11th Cir. 2015) ("When a defendant defaults, he admits the plaintiff's well-pleaded allegations of fact." (internal quotations marks and citation omitted)). The facts in the Complaint support Plaintiff's claim for judgment arising from the breach of contract and breaches of the credit agreement.

11. Defendants are in default on the two Notes and the Credit Agreement. The total amount currently owed to Plaintiffs related to Defendants default is $154,420.26.

12. The facts as alleged in the Complaint and supported by the evidence submitted with the motions for default judgment sufficiently establish Plaintiff's claims for breach of contract (Counts I and II) and breach of credit agreement (Count III). The Court finds that the motions for default judgment is well-taken and supported by sufficient evidence in addition to the factual allegations that have been deemed admitted.

It is therefore **ORDERED, ADJUDGED,** and **DECREED** that:

A. Plaintiff's request for default judgment (Doc. 27, as amended by Doc. 33) is **GRANTED**.

B. A judgment will be entered in favor of Plaintiff and against Defendant in the amount of $154,420.26, plus pre- and post-judgment interest and reasonable attorneys' fees and expenses.

C. Plaintiff submitted $13,889 in attorneys' fees and $1,405.00 in expenses. However, Plaintiff failed to include any supporting documentation beyond the generalized affidavit. It is for

the Court to determine reasonableness and not the party. While Plaintiff provides some limited analysis as to its request for attorneys' fees and expenses, it did not include the detailed time entries or billing records the Court needs to evaluate whether the claim for attorneys' fees and expenses is reasonable. Therefore, the Court will withhold the entry of the final default judgment until the attorneys' fee issue is resolved. Plaintiff shall submit its attorney's fees and costs by motion with evidentiary support on or before **November 17, 2026**.[2]

D. This is a final order, the terms of which are effective immediately. However, the Court will enter a final default judgment in this matter following the resolution of the attorney's fees and costs motion.

**DONE** and **ORDERED** this 3rd day of November, 2026.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE

[2] If Plaintiff fails to file by the deadline, then the Court will simply enter final judgment based upon the damages assessed in this opinion.